IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAMES BELL MCCOY, SR., ID # 1299701, )
    Plaintiff, )
vs. ) No. 3:08-CV-0061-N (BH)
) ECF
GARY FITZSIMMONS, et al., ) Referred to U.S. Magistrate Judge
    Defendants. )

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Plaintiff, a prisoner in the Texas prison system, commenced this action by filing a civil complaint pursuant to 42 U.S.C. § 1983. Plaintiff sues Gary Fitzsimmons, Dallas County District Clerk, for an alleged refusal to serve process in a state civil action (DC-07-04385) commenced by Plaintiff against Dallas County; he also sues Judge Lorraine Raggio for an alleged refusal to order that process be served in Plaintiff's state action. By this action, Plaintiff seeks an order requiring Defendants to stop violating his right to due process by compelling them to serve Dallas County and stop delaying his state lawsuit. No process has been issued in this case.

### II. PRELIMINARY SCREENING

The Court has permitted Plaintiff to proceed *in forma pauperis*. This action is thus subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2). Because Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, this action is also subject to preliminary screening pursuant to 28 U.S.C. § 1915A regardless of whether he proceeds *in forma pauperis*. *See*

*Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal, if the Court finds the action "frivolous" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In this instance, Plaintiff seeks to compel a state judge and clerk to take action regarding a civil action filed in state court. Because such relief is in the nature of mandamus, the Court construes this action as a petition for writ of mandamus.[1]

### III. MANDAMUS

"The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Under this section, the Court may only compel federal actors or agencies to act. This Court lacks "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973).

---

[1] The Fifth Circuit Court of Appeals has held that "a writ of mandamus 'is not an independent civil action, but may be considered as a type of appeal.'" *In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998) (quoting *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997)). Thus, where a writ of mandamus is filed by a prisoner seeking to proceed *in forma pauperis*, "the nature of the underlying action" will determine the applicability of the Prison Litigation Reform Act (PLRA). *Id.* at 920; *In re Stone*, 118 F.3d at 1034. In this instance, the underlying action is civil in nature. Accordingly, the plaintiff in this action is subject to the various provisions of the PLRA. *See In re Crittenden*, 143 F.3d at 920 (recognizing that the PLRA applies to civil actions).

Section 1361 grants no jurisdiction to this Court to dictate action by state courts, their judicial officers, or other court personnel. This Court is therefore without power to order Defendants to serve process related to Plaintiff's state action. Consequently, the instant action lacks an arguable basis in law and should be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties). That Plaintiff commenced this action under 42 U.S.C. § 1983 does not alter this conclusion. *See Johnson v. Bigelow*, 239 Fed. App'x 865, 865 (5th Cir. 2007) (per curiam) (dismissing appeal in § 1983 action as frivolous and upholding district court's dismissal as frivolous because the "federal courts have no authority to direct state courts or their judicial officers in the performance of their duties").

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant action, which has been construed as a petition for writ of mandamus, be **DISMISSED with prejudice** as frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Because Plaintiff is subject to the various provisions of the PLRA, the dismissal of this action will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g)[2] once the dismissal becomes final.

---

[2] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

3

SIGNED this 18th day of January, 2008.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE0